IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HILARY PHILLIPS**<br>3629 Martins Dairy Circle<br>Olney, MD 20832<br><br>    Plaintiff,<br><br>  v.<br><br>**STATE OF MARYLAND**<br>200 Saint Paul Place<br>Baltimore, MD 21202<br><br> Serve On: Brian E. Frosh, Attorney General<br>      Office of the Attorney General<br>      200 Saint Paul Place<br>      Baltimore, MD 21202<br><br> Serve On: Nancy K. Klopp, Treasurer<br>      Treasury Building, Room 109<br>      80 Calvert Street<br>      Annapolis, MD 21401<br><br>**MARYLAND DEPARTMENT OF HEALTH**<br>201 West Preston Street, 5th Floor<br>Baltimore, MD 21201<br><br> Serve on: **ROBERT R. NEALL,** Secretary,<br>      Maryland Department of Health<br>      201 W. Preston Street<br>      Baltimore, MD 21201<br><br>    Defendant, | Civil Action No.<br><br>**Jury Trial Demanded** |

## **COMPLAINT**

Plaintiff, Hilary Phillips by way of her counsel, Morris E. Fischer, hereby submits this federal complaint in violation of the Rehabilitation Act, 42 U.S.C. § 12101, et seq.

1

## PARTIES

1. Plaintiff, Hilary Phillips, is a former employee of the Behavioral Health Administration, a division of the Maryland Department of Health.

2. Defendant State of Maryland is a State of the United States.

3. Defendant, The Maryland Department of Health, pursuant to Maryland Code, Health-General § 2-102 is a principal department of the State of Maryland government.

4. Robert R. Neall is the Acting Secretary of the Maryland Department of Health, named in his official capacity pursuant to 42 U.S.C. § 2000e-16.

5. Each Defendant does business and is located in Baltimore, MD 21201.

6. Defendant State of Maryland is properly named as per the head of the Agency pursuant to 42 U.S.C. § 2000e-16(c).

7. Defendant Maryland Department of Health is properly named as per the head of the Agency pursuant to 42 U.S.C. § 2000e-16(c).

## JURISDICTION

8. This action arises under the Rehabilitation Act, 42 U.S.C. § 12101, *et seq.*, which prohibits discrimination against disabled employees.

9. Defendant State of Maryland does business at 200 Saint Paul Place, Baltimore, MD 21202.

10. Defendant, the Maryland Department of Health, does business at 201 W. Preston Street, Baltimore, MD 21201.

11. As this action is brought under the Rehabilitation Act, there is no requirement to exhaust remedies with the EEOC.

12. Therefore, this court has jurisdiction over these claims under 42 U.S.C. §§ 2000e–5 & –16 (2012).

13. Defendant resides in this judicial district, and a substantial part of the events giving rise to this action took place within this judicial jurisdiction.

14. Therefore, this court has proper venue pursuant to 29 U.S.C. § 1391 (2012).

### FACTS

15. On March 1, 2017, Ms. Phillips was selected as Director of the Office of Planning for the Behavioral Health Administration.

16. Ms. Phillips' 1st-line supervisor is an individual, and Director of Systems Planning of the Behavioral Health Administration, Cynthia Petion.

17. Ms. Phillips' 2nd-line supervisor was an individual, and Director of Systems Management of the Behavioral Health Administration, Dr. Kimberly Cuthrell.

18. Ms. Phillips' 3rd-line supervisor is an individual, and Deputy Secretary/Executive Director of the Behavioral Health Administration, Dr. Barbara Bazron.

19. Ms. Anna Barefoot was the Chief of Staff for Behavioral Health Administration at all times hereinmentioned.

#### Reports of Bullying Made by Ms. Phillips

20. Ms. Petion repeatedly singled out Ms. Phillips, made her feel unsafe in the workplace by consistently raising her voice, by making derogatory, threatening, and hostile comments, excluding her from meetings, openly criticizing work-related efforts and by sabotaging her work performance with excessively controlling behavior.

21. In June 2017, Ms. Phillips complained to Human Resources about bullying from Ms. Petion, and was told by Human Resources to "look for another job."

22. In September 2017, Ms. Phillips reported Ms. Petion's bullying to Dr. Bazron and Anna Barefoot, Chief of Staff for the Behavioral Health Administration.

23. Also, in September 2017, Ms. Phillips reported Ms. Petion's bullying to the recently hired Dr. Cuthrell.

24. In response to Ms. Phillips reports, Dr. Cuthrell took measures to address the bullying.

25. In early 2018, Christine Brigandi, an individual from the Human Resources department started an investigation about the bullying.

26. In February 2018, Ms. Phillips again reported harassment to Human Resources.

**Management's Handling of the Bullying**

27. On February 13, 2018, Human Resources notified Dr. Cuthrell and Dr. Bazron of Ms. Petion's bullying behavior.

28. On February 14, 2018, Ms. Petion was removed from the building.

29. In early 2018, Dr. Bazron started an investigation about the bullying.

30. In March 2018, the bullying charges were considered insufficient of actionable bullying.

31. On March 19, 2018, Ms. Petion returned to the Agency and was returned as Ms. Phillips' supervisor.

32. Cynthia Petion resumed her bullying of Ms. Phillips.

33. Cynthia Petion referred to Ms. Phillips as having bipolar disorder and borderline personality disorder.in the presence of Dr. Bazron.

34. On May 22, 2018, Dr. Cuthrell was fired for standing up to Dr. Bazron for Ms. Phillips.

35. On May 23, 2018, Human Resources told Ms. Phillips that they did "not want to be in the middle of any of this anymore."

36. On May 24, 2018, Ms. Petion told Dr. Bazron that Ms. Phillips was questioning her leadership.

37. On May 25, 2018, Dr. Bazron called Ms. Phillips into her office and contended that Ms. Phillips was questioning Dr. Bazron's leadership.

38. In July 2018, Ms. Phillips took leave under the Family and Medical Leave Act due to the allegedly bullying conduct, before resigning from the Behavioral Health Administration.

39. On July 19, 2018, Ms. Phillips resigned her employment.

40. At the first staff meeting following Ms. Phillips' resignation, Cynthia Petion called a staff meeting with Ms. Phillips' former employees and told them that "Ms. Phillips resigned due to her mental health problems."

## COUNT I
## VIOLATION OF THE REHABILITATION ACT

41. Plaintiff re-alleges and reincorporates all prior allegations as if fully stated herein.

42. Dr. Cuthrell witnessed that Ms. Petion referred to Plaintiff as having bipolar disorder and borderline personality disorder.

43. When Plaintiff initially reported the bullying to Human Resources, she was told to "look for another job", and to "let [Ms. Petion] do whatever she wanted and just come to work, sit in [her] office, and collect a paycheck."

44. Dr. Cuthrell, who had made attempts to stop the bullying done to Plaintiff, was fired; and soon after, the bullying from Ms. Petion increased.

45. Human Resources attempted to remove themselves from the situation by stating "I don't want to be in the middle of any of this anymore", and refusing to help.

46. Plaintiff was subjected to unwelcome harassment which was objectively and subjectively severe and pervasive to alter her terms and conditions of employment.

47. Plaintiff's ability to perform her job duties was severely interfered with due to the harassment.

48. The unwelcome harassment was based in part on Plaintiff's perceived disability.

49. The Agency was aware of the hostile work environment and refused to stop it.

50. Similarly situated employees who did not have this perceived disability were not treated in the same manner as Plaintiff.

51. Because of this unlawful conduct, Plaintiff was forced to take leave under the Family and Medical Leave Act, and eventually resigned.

52. The Agency acted wantonly, willfully, with malice, and with reckless indifference to Plaintiff's civil rights.

53. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other personal damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

    a. A declaratory judgment that the conduct of the Agency challenged herein was illegal and in violation of the aforementioned laws;

    b.  Compensatory damages in an amount to be proved at trial, including compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described herein;

    c.  Reasonable attorneys' fees, expenses, and costs incurred by Plaintiff;

    d.  Such other and further relief as the Court may deem just.

Date:  2/14/2019                                        Respectfully Submitted,


                                                _____/s/_____
                                                Morris E. Fischer, Esq.
                                                Morris E. Fischer, LLC
                                                MD Bar No. 26286
                                                8720 Georgia Avenue Suite 210
                                                Silver Spring, MD 20910
                                                301-328-7631 Office
                                                301-328-7638 Fax
                                                Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all matters properly tried to a jury.

Date:  __2/14/2019_____        Respectfully Submitted,


_____/s/_____
Morris E. Fischer, Esq.
Morris E. Fischer, LLC
MD Bar No. 26286
8720 Georgia Avenue Suite 210
Silver Spring, MD 20910
301-328-7631 Office
301-328-7638 Fax
Attorney for Plaintiff