# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HILARY PHILLIPS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-00653-PX |
| STATE OF MARYLAND, *et al*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Defendants State of Maryland and the Maryland Department of Health's motion to dismiss, (ECF No. 3) and Plaintiff Hilary Phillips' motion for leave to file an amended complaint which Defendants oppose. ECF Nos. 8, 9. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants Phillips' Motion to Amend but nonetheless dismisses the Amended Complaint for failure to state a legally sufficient hostile work environment claim.

### I.    Background[1]

This case arises from Phillips' conflict with her former first line supervisor, Cynthia Petion. ECF No. 8-2 ¶¶ 12, 16. Between March 2017 and July 2018, Phillips worked as the Director of the Office of Planning for Maryland's Behavioral Health Administration ("BHA"). *Id.* ¶¶ 1, 11, 35. During this time, Phillips avers that Petion "repeatedly singled out Ms. Phillips, made her feel unsafe in the workplace by consistently raising her voice, by making derogatory, threatening, and hostile comments, excluding her from meetings, openly criticizing work-related efforts and by sabotaging her work performance with excessively controlling behavior." *Id.* ¶

---

[1] The Court accepts the facts pleaded in the Amended Complaint as true and construes them most favorably to Phillips. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

16. Phillips alleges that this behavior was motivated by Petion's belief that Phillips suffered from a disability. *Id.* ¶ 44.

Phillips complained about Petion's behavior to several persons within the BHA. First, in June 2017, Phillips complained to Human Resources ("HR"). ECF No. 8-2 ¶ 17. HR told her to "look for another job." *Id.* Next, Phillips reported Petion's behavior to Phillips' second-line supervisor, Dr. Barbara Bazron, as well as to Anna Barefoot, the Chief of Staff for the BHA, and Dr. Kimberly Cuthrell, a newly-hired second line supervisor. *Id.* ¶¶ 18–19. Phillips admits that Dr. Cuthrell "took measure[s] to address the bullying." *Id.* ¶ 20.

In early 2018, Phillips again complained to HR about Petion. ECF No. 8-2 ¶ 22. HR and Dr. Bazron began investigating Petion's "bullying" of Phillips. *Id.* ¶¶ 21, 25. On February 14, 2018, Petion "was removed from the building" pending investigation. *Id.* ¶ 24. However, in March 2018, it was determined that Phillips' allegations were "insufficient of actionable bullying" and Petion resumed her role as Phillips' supervisor. *Id.* ¶¶ 26–27.

Petion again resumed similar behavior toward Phillips. ECF No. 8-2 ¶ 28. Dr. Cuthrell attempted to stand up to Petion on behalf of Phillips but was fired for doing so in May 2018. *Id.* ¶ 30. Petion thereafter reported to Dr. Bazron that Phillips was "questioning [her] leadership," resulting in Dr. Bazron discussing the situation with Phillips. *Id.* ¶¶ 32–33. HR also told Petion that they "did not want to be in the middle of this anymore." *Id.* ¶ 31. Also, on a single occasion between March and May 2018, Petion referred to Phillips as bipolar and suffering from split personality disorder during a meeting with Dr. Bazron. *Id.* ¶ 29.

In July 2018, Phillips took leave under the Family Medical Leave Act and then resigned. ECF No. 8-2 ¶ 34. At the first staff meeting after Phillips' departure, Petion told Phillips' former employees that Phillips resigned "because of her mental health problems." *Id.* ¶ 36.

Phillips brought suit against the State of Maryland and the Maryland Department of Health for employment discrimination under the Rehabilitation Act, contending that Petion's behavior subjected her to a hostile work environment and was motivated by Phillips' perceived mental health problems.  ECF No. 1.  On April 3, 2019, Defendants moved to dismiss Phillips' complaint.  ECF No. 3.  Phillips, in response, sought leave to amend her Complaint.  ECF No. 8.  The proposed Amended Complaint removes the Maryland Department of Health as a party, clarifies that Petion's harassment was "because of" as opposed to "based in part on" Phillips' perceived disability, and adds that the Defendant State of Maryland "perceived that [Phillips] was seriously limited in one or more major life activities."  ECF No. 8-1 ¶¶ 3–5, 7, 10, 48.  Phillips also makes clear that she is not pursuing a constructive discharge claim.  ECF No. 8 at 1–3.  Thus, the sole count before this Court as pleaded in the Amended Complaint is the hostile work environment claim against the State of Maryland.

**II.**     **Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A plaintiff may amend pleadings once without leave of court when the amended complaint is timely filed under Rule 15 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P.

15(a). Otherwise, Courts should treat motions for leave to amend liberally, granting leave "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, when allowing amendment would "be prejudicial to the opposing party, when the moving party has acted in bad faith or with a dilatory motive, or when the amendment would be futile." *Arora v. James*, 689 F. App'x 190, 190 (4th Cir. 2017) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)) (internal quotation marks omitted).

A claim is futile when it is "clearly insufficient or frivolous" and thus cannot survive a motion to dismiss. *Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018). In assessing whether a claim is futile, the Court reviews the claim for sufficiency pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as articulated above. *Kerrigan v. Bd. of Educ. of Carroll Cty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016).

### III. Analysis

Although the Amended Complaint winnows the action to a single count, Defendant State of Maryland contends, for identical reasons articulated in their original dismissal motion, that the Amended Complaint cannot survive challenge because it fails to state a hostile work environment claim. ECF No. 3-1 at 5–9; ECF No. 9-1 at 6–10. Because Defendants' futility and sufficiency arguments raise the same substantive challenge, the Court will address these arguments together and as they apply to the single count articulated in the Amended Complaint.

The Rehabilitation Act prohibits discrimination against an employee because she has a "physical or mental impairment which substantially limits one or more of such person's major life activities, has a record of such an impairment, or is regarded as having such an impairment." *Hooven-Lewis v. Caldera*, 249 F.3d 259, 269 (4th Cir. 2001) (citing 29 U.S.C. § 705(20)(B))

4

(numbering omitted). Phillips asserts that Defendant subjected her to a hostile work environment on account of her perceived mental health disorder. For this claim to survive challenge, Phillips must plead sufficient facts by which this Court could plausibly infer that the complained-of conduct (1) was unwelcome; (2) resulted because of a perceived disability; (3) was sufficiently severe or pervasive to alter the conditions of employment and to create an abusive work environment; and (4) was imputable to her employer. *See Pueschel v. Peters,* 577 F.3d 558, 564-65 (4th Cir. 2009).

"[P]laintiffs must clear a high bar in order to satisfy the severe or pervasive test." *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). The plaintiff must establish both that she subjectively believed the workplace environment to be "abusive and hostile," and objectively that "a reasonable person would share this perception." *Brady v. Bd. of Educ. Of Prince George's Cty.*, 222 F. Supp. 3d 459, 472 (D. Md. 2016); *see also E.E.O.C. v. Central Wholesalers, Inc.*, 573 F.3d 167, 176 (4th Cir. 2009). As to whether a reasonable person would regard the employment environment as hostile or abusive, the Court considers "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Brady*, 222 F. Supp. 3d at 472 (quoting *Wilson v. City of Gaithersburg*, 121 F. Supp. 3d 478, 483–84 (D. Md. 2015)). Complaints premised on nothing more than "rude treatment by [coworkers]," *Baqir v. Principi,* 434 F.3d 733, 747 (4th Cir. 2006), "callous behavior by superiors," *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003), or "a routine difference of opinion and personality conflict with [one's] supervisor," are not actionable, *Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 276 (4th Cir. 2000). Simply put, "rolling with the punches is a fact of workplace life." *Sunbelt Rentals*, 521 F.3d at 316; *see also*

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (harassing conduct must be sufficiently "extreme" so as to amount to a "change in the terms and conditions of employment").

Defendant argues that the Amended Complaint does not aver facts by which this Court could plausibly infer that Phillips suffered under a sufficiently "severe or pervasive" hostile work environment. ECF No. 3-1 at 9–10; ECF No. 9 at 9–10. The Court concurs that the Amended Complaint is heavy on characterization and light on facts supporting the claim. The Amended Complaint for example, avers that Phillips felt "unsafe" in the workplace" because Petion "rais[ed] her voice," and made "derogatory, threatening, and hostile comments," ECF No. 8-2 ¶ 16, but nowhere does the Amended Complaint give any detail as to such comments. Similarly, the Amended Complaint avers that Petion "sabotag[ed]" Phillips "work performance" with "excessively controlling behavior," and "openly criticiz[ed] work-related efforts." *Id.* However, Phillips provides no detail about how Petion's conduct amounts to workplace sabotage. Further, open criticism of work performance is tantamount to a "[d]isagreement with the decisions or management style of one's boss" and simply "do[es] not rise to the level of a hostile workplace claim," *Brady*, 222 F. Supp. 3d at 473. Indeed "employers are permitted to criticize the work of their employees." *Kelly v. Giant of Md., LLC*, No. 8:18-cv-02495-PX, 2019 WL 2502289, at *7 (D. Md. June 17, 2019).

Accordingly, accepting the averments as true, although Phillips may feel subjectively that Petion behaved in a rude, intrusive, and unwelcome manner, no facts support that such feeling is objectively reasonable or that it amounted to a hostile work environment. *Cf. Vincent v. MedStar S. Md. Hosp. Ctr.*, No. TDC-16-1438, 2017 WL 3668756, at *9–10 (D. Md. Aug. 22, 2017) (no hostile work environment although supervisor yelled at employee, called her "stupid,"

refused to communicate with her, and harassed her almost daily); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (no hostile work environment although supervisor "yelled at Plaintiff, told her she was incompetent, pushed her down in her chair, and blocked the door to prevent Plaintiff from leaving while he continued to yell at her"). Dismissal is thus warranted on this basis alone.

Alternatively, even if the Court assumes that Petion subjected Phillips to a sufficiently hostile environment, nothing in the Amended Complaint allows the plausible inference that Petion behaved as she did "because of" a perception that Phillips was disabled. The Amended Complaint identifies one occasion between March and May 2018 when Petion "referred to Ms. Phillips as having bipolar disorder and borderline personality disorder in the presence of Dr. Bazron." ECF No. 8-2 ¶ 29. No other facts suggest that this reference to a perceived mental illness alone motivated Petion's other behaviors. The Amended Complaint is simply devoid of any context by which this Court could plausibly link Petion's comment to the other complained-of conduct. Petion's other reference to Phillips' mental illness at a staff meeting could not have contributed to a hostile work environment because Phillips no longer worked at BHA. *See Peuschel*, 577 F.3d at 565–66 (incidents occurring after employee left job cannot create hostile working environment). Thus, even if Petion was as rude and abrasive as the Amended Complaint suggests, no facts support that Petion behaved as she did because she perceived Phillips as suffering from a mental illness. *Cf. Hawkins,* 203 F.3d at 281 (finding that the plaintiff did not present evidence that hostile work environment was because of race rather than "personal dislike"). The Amended Complaint must therefore be dismissed.

Whether to dismiss claims with or without prejudice remains within the discretion of the district court. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citation

7

omitted). Generally, the plaintiff should be afforded the opportunity to amend or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."). However, dismissal with prejudice may be warranted where "it is clear that amendment would be futile." *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008); *see also In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Phillips has already attempted to plead a plausible claim twice. Indeed, the Amended Complaint was in response to the Defendants' squarely challenging the sufficiency of the hostile work environment claim on the same grounds articulated again in its opposition to the amended pleading. Accordingly, Phillips knew precisely the deficiencies she needed to cure in the Amended Complaint but failed to do so. Thus, the Court finds that granting an additional opportunity to amend would be fruitless. The Court dismisses the Amended Complaint with prejudice.

### IV. Conclusion

Based on the foregoing, Phillips' Motion to Amend the Complaint is granted. However, because the sole remaining claim asserting a hostile work environment fails as a matter of law, it is dismissed with prejudice. Defendants' Motion to Dismiss the original Complaint is denied as moot.

A separate Order follows.

\_\_12/11/2019_____    _____/s/_____
Date                                                                         Paula Xinis
                                                                                   United States District Judge